UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

MICHELE GARDNER,
an individual,

    Plaintiff,

v.

SILVER THATCH ATLANTIC PLAZA
CONDOMINIUM ASSOCIATION, INC.,
a Florida not-for-profit corporation,

    Defendant.
_____/

## COMPLAINT

Plaintiff, MICHELE GARDNER, (hereinafter "GARDNER"), by and through the undersigned attorneys, hereby files this Complaint against Defendant, SILVER THATCH ATLANTIC PLAZA ASSOCIATION, INC., (hereinafter "SILVER THATCH"), and states as follows:

## JURISDICTION AND VENUE

1. This action is brought against SILVER THATCH for violation of Florida's Private Sector Whistleblower Act, section 448.102 of the Florida Statutes, and the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. (hereinafter the "FLSA" or the "Act").

2. Jurisdiction is conferred upon this Court because this action presents a federal question pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3. Venue is proper in the Southern District of Florida because GARDNER was employed by SILVER THATCH in this District; because SILVER THATCH, at all material times, conducted and continues to conduct business in the Southern District of Florida; because

1

the acts that give rise to GARDNER's claims against SILVER THATCH occurred within the Southern District of Florida; pursuant to 28 U.S.C. §§ 1391(b) and (c); and because SILVER THATCH is subject to personal jurisdiction in this District.

## PARTIES

4. GARDNER is a resident of Broward County, Florida.

5. GARDNER was an employee as defined by 29 U.S.C. § 203(e) and was regularly engaged in commerce.

6. During all times relevant to this Complaint, GARDNER was employed by SILVER THATCH as a property manager.

7. While her job title included "manager," GARDNER's primary duty did *not* include the exercise of discretion and independent judgment with respect to matters of significance or the management of SILVER THATCH.

8. GARDNER lacked autonomy in the performance of her job duties. For example, GARDNER was required to obtain approval from the Board of SILVER THATCH before making even minor decisions, including incurring relatively small expenses relating to property maintenance.

9. GARDNER had to obtain the Board's approval for all hiring, firing, or other employment decisions, such as the payment of holiday bonuses.

10. SILVER THATCH is a not-for-profit corporation existing under and by virtue of the laws of the State of Florida, with its principal place of business in Pompano Beach, Broward County, Florida. SILVER THATCH has, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

1347049v1 997349.0001

11. SILVER THATCH is an employer as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and is an enterprise whose annual gross volume of business is not less than $500,000.

12. SILVER THATCH controlled GARDNER's duties, compensation, and hours worked, and hence was her employer under the FLSA.

13. At all times material to this Complaint, SILVER THATCH had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that have been moved in or produced for commerce or rendered services in interstate commerce, which employees are subject to the provisions of the FLSA, 29 U.S.C. § 207.

14. SILVER THATCH, upon knowledge and belief, has gross revenue which exceeds $500,000 for each of the past three (3) years.

15. Many individuals who own units at SILVER THATCH are partial year residents. Because unit owners are not always located in Florida, money and services are often exchanged across state lines.

16. GARDNER and other employees of SILVER THATCH routinely used the telephone and electronic mail to communicate with unit owners and members of the SILVER THATCH Board while traveling or residing outside the State of Florida.

17. GARDNER states that all conditions precedent to the maintenance of this action have heretofore been performed or have been waived.

18. GARDNER has retained the undersigned counsel to represent it in this action and has agreed and obligated itself to pay a reasonable fee for their services.

1347049v1 997349.0001

## GENERAL ALLEGATIONS

*The Unlawful Spending and Retaliatory Termination*

19. GARDNER worked with SILVER THATCH for a couple years through an outside management company until SILVER THATCH decided to be self-managed.

20. On or about April 11, 2016, SILVER THATCH entered into an Employment Agreement with GARDNER, under which GARDNER would be the property manager of SILVER THATCH. A true and correct copy of the Employment Agreement is attached hereto as **"Exhibit A."**

21. The Employment Agreement between SILVER THATCH and GARDNER contemplates a two-year employment period, and provides for a severance package of thirty (30) days paid salary and one-quarter year of medical benefits.

22. On or about November 18, 2016, GARDNER learned of an issue with SILVER THATCH's credit card being used by at least one member of the Board of Directors, Mike Servidio (hereinafter "Servidio"), who is also an officer of SILVER THATCH, for improper personal expenditures.

23. Section 718.111, Florida Statutes, prohibits, among other things, the officers and directors of a condominium association from accepting anything of value, for which consideration has not been provided, for his own benefit or that of his immediate family.

24. Servidio used the SILVER THATCH credit card for personal expenses, such as gasoline, car washes, and restaurant bills, in violation of Section 718.111(1)(a).

25. Shortly after discovering the improper credit card use, GARDNER approached the President of SILVER THATCH, Joe Mazzeo (hereinafter "Mazzeo"), and expressed her concerns about the legality of such expenditures.

1347049v1 997349.0001

26. Specifically, GARDNER told Mazzeo that the credit card use was improper and that the funds needed to be paid back to SILVER THATCH by Servidio.

27. GARDNER also requested that Mazzeo speak to Servidio about the credit card expenditures. Mazzeo later told GARDNER that Servidio did not realize that GARDNER would see the credit card bills.

28. GARDNER was given a check signed by Servidio to deposit to replace the funds.

29. Subsequently, the Treasurer of SILVER THATCH, Jean Pierre Reyes, told GARDNER not to deposit the check intended to reimburse SILVER THATCH for the funds at issue and that instead SILVER THATCH intended to pay for the charges out of SILVER THATCH's petty cash.

30. In response, GARDNER reiterated her objection to the conduct and insisted that Servidio should pay the amounts.

31. A few days later, on or about November 21, 2016, GARDNER was forced to sign a letter of reprimand for allegedly speaking in a "verbally castigating" manner to a Board Member.

32. GARDNER strenuously objected to the letter and made it clear that she did not agree with the recitation of events or that she had done anything wrong.

33. The Board required that GARDNER sign the letter of reprimand despite her objections. Specifically, Mazzeo called GARDNER and told her that if she did not sign the letter, another Board member, Bill McMinn, would contact the sheriff's office to have GARDNER removed from the SILVER THATCH premises.

5

34. On or about November 22, 2016, GARDNER provided copies of the credit card bill at issue to an inquiring unit owner pursuant to her obligation under Florida law, including Rule 61E14-2.001, Florida Administrative Code and section 718.111, Florida Statutes.

35. On or about November 25, 2016, Mazzeo terminated GARDNER's employment with SILVER THATCH via telephone call.

36. During the call, Mazzeo represented that a unanimous decision had been made for GARDNER to cease being the property manager of SILVER THATCH. Mazzeo provided no details about the basis of the decision to terminate GARDNER, nor did Mazzeo offer to pay GARDNER the severance package contemplated in the Employment Agreement.

37. On or about November 30, 2016, five days after GARDNER's termination, SILVER THATCH conducted an Association meeting.

38. At said meeting, member(s) of the Board stated that GARDNER was merely a social director and that the Board needed someone who would do what the Board wanted them to do.

39. The Board has never provided GARDNER with a reason for her termination. Moreover, GARDNER had never received any written reprimands or counseling in connection to any alleged failure to perform her job functions throughout her tenure with SILVER THATCH other than the letter of reprimand she received shortly after objecting to the improper use of the credit card.

*The Unpaid Wages and Overtime*

40. GARDNER worked for SILVER THATCH from April 11, 2016 through November 25, 2016.

1347049v1 997349.0001

41. Throughout her employment with SILVER THATCH, GARDNER was a non-exempt employee who worked in excess of forty (40) hours during multiple workweeks within two (2) years of the filing of this complaint. In addition, GARDNER was on call 24/7 for the convenience of SILVER THATCH.

42. For example, GARDNER often worked beyond ordinary working hours when necessitated by severe weather or to meet emergency repairmen.

43. At all times pertinent to this action, SILVER THATCH failed to comply with 29 U.S.C. §§ 201-219 in that GARDNER performed services for SILVER THATCH for which no provision was made to properly pay for the hours worked over forty in any given workweek.

44. SILVER THATCH knew that GARDNER was working overtime and also knew that Federal law requires employees to be compensated at time and one-half per hour for overtime pay.

45. GARDNER has retained the undersigned firm to prosecute this action on her behalf and has agreed to pay it a reasonable fee for its services.

46. GARDNER is entitled to her reasonable attorneys' fees and costs if GARDNER is the prevailing party in this action.

## COUNT I – VIOLATION OF FLORIDA PRIVATE SECTOR WHISTLEBLOWER ACT
### (Fla. Stat. § 448.102)

47. GARDNER realleges and incorporates the allegations contained in Paragraphs 1 through 46 as if fully set forth herein.

48. During her employment as property manager of SILVER THATCH, GARDNER made various objections to the unlawful acts of SILVER THATCH (via its officers and directors).

49. Specifically, GARDNER immediately objected to, and refused to participate in, the unlawful use of a SILVER THATCH credit card by at least one board member of SILVER THATCH (who also served as an officer of SILVER THATCH) for improper personal expenditures in violation of section 718.111, Florida Statutes

50. Additionally, GARDNER immediately objected to, and refused to participate in, the Treasurer of SILVER THATCH's underhanded attempt to remedy the misconduct, whereby the Treasurer instructed GARDNER to not deposit the check intended to reimburse the funds at issue. GARDNER made clear that the Board member who used the credit card for improper personal expenditures should pay the amounts, not SILVER THATCH.

51. GARDNER engaged in a protected activity under Fla. Stat § 448.102 by objecting to and complaining about the foregoing practices and incidents.

52. Mere days later, GARDNER received a reprimand and then was terminated as the property manager of SILVER THATCH in violation of Fla. Stat. § 448.102(3).

53. To GARDNER's knowledge, SILVER THATCH did not take any action to reprimand the behavior of the Board member in question, or curb any similar future conduct prior to her termination.

54. The adverse employment actions taken against GARDNER, including her termination, were a direct result of her objections to the unlawful acts committed by SILVER THATCH and refusal to participate in the same. SILVER THATCH terminated GARDNER in retaliation for her objections to the unlawful personal expenditures made on the SILVER THATCH credit card.

55. As a result of her termination by SILVER THATCH, GARDNER has suffered harm.

8

1347049v1 997349.0001

**WHEREFORE**, Plaintiff, MICHELE GARDNER, by and through undersigned counsel, respectfully demands judgment against Defendant, SILVER THATCH ATLANTIC PLAZA CONDOMINIUM ASSOCIATION, INC., for:

(a) Damages sustained as a result of SILVER THATCH's retaliatory conduct pursuant to Fla. Stat. § 448.103, including compensation for lost wages, benefits, any other compensatory damages allowable at law;

(b) Attorneys' fees and costs pursuant to Fla. Stat. § 448.104; and

(c) Such other and further relief as this Court deems just and proper.

## COUNT II – VIOLATION OF FLSA / OVERTIME

56. GARDNER realleges and incorporates the allegations contained in Paragraphs 1 through 46 as if fully set forth herein.

57. Since the commencement of GARDNER's employment, SILVER THATCH has willingly violated the provisions of the Fair Labor Standards Act [29 U.S.C. § 207] by employing GARDNER, an employee engaged in commerce for workweeks longer than forty (40) hours, without compensating her for all hours worked in excess of forty (40) hours at a rate not less than one and one half times the regular rates for which she was employed.

58. SILVER THATCH has knowingly and willingly failed to pay GARDNER at time and one half of her regular rate of pay for all hours worked in excess of forty (40) per week.

59. By reason of the said intentional, willful and unlawful acts of SILVER THATCH, GARDNER has suffered damages and has incurred costs and reasonable attorneys' fees.

60. As a result of SILVER THATCH's willful violations of the Act, GARDNER is entitled to liquidated damages pursuant to the Act. 29 U.S.C. §§201 et. seq.

61. GARDNER has retained the undersigned counsel to represent her in this action,

and pursuant to 29 U.S.C. §216(b), GARDNER is entitled to recover all reasonable attorneys' fees and costs incurred in this action from SILVER THATCH.

**WHEREFORE,** Plaintiff, MICHELE GARDNER, by and through undersigned counsel, respectfully demands judgment against Defendant, SILVER THATCH ATLANTIC PLAZA CONDOMINIUM ASSOCIATION, INC., for:

(a) Overtime payment, wages, salary, lost benefits, and any other compensation denied or lost to GARDNER by reason of SILVER THATCH's violation of the FLSA;

(b) Interest on the amount(s) found due;

(c) Liquidated damages;

(d) Assessment against SILVER THATCH of reasonable costs and attorneys' fees of this action pursuant to 29 U.S.C. § 216;

(e) Such other relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

GARDNER demands a trial by jury on all issues so triable.

DATED this 27th day of January, 2017.

Respectfully submitted,

**TRIPP SCOTT, P.A.**
*Counsel for Plaintiff*
110 S.E. 6th Street, 15th Floor
Fort Lauderdale, Florida 33301
Telephone: (954) 525-7500
Facsimile: (954) 761-8475

By: */s/ Paul O. Lopez*
PAUL O. LOPEZ
Florida Bar No. 983314
pol@trippscott.com
MEGAN L. JANES
Fla. Bar No. 99009
mlj@trippscott.com